FILED
SUPERIOR COURT
OF GUAM

2018 JUN -6 AM 8: 13

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0600-17 |
| vs. | DECISION AND ORDER |
| RAYMOND TORRES TEDTAOTAO, | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 13, 2018, for hearing on Defendant Raymond Torres Tedtaotao's ("Defendant") Motion to Dismiss. Defendant was present with Attorney Terence E. Timblin, and Assistant Attorney General Thomas R. Neuman was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On October 30, 2017, Defendant was indicted with the following charges: (1) Promotion of Major Prison Contraband (Controlled Substance) (As a Second Degree Felony); and (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony). (Indictment, Oct. 30, 2017).[1] On September 27, 2017, two pipes stained with white residue that

---

[1] The Indictment also charges Corina Lynn Blas Tedtaotao with (1) Conspiracy to Promote Major Prison Contraband (As a Second Degree Felony) and (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); Quiana Liberty Iglesias Manibusan with Conspiracy to Promote Major Prison Contraband (As a

tested presumptive positive for methamphetamine were confiscated from Defendant's cell at the Department of Corrections. (Decl. of James C. Collins, Magistrate's Compl., Oct. 20, 2017).

On February 14, 2018, Defendant filed a Motion to Dismiss. On February 22, 2018, the Government filed its Opposition. No Reply was filed.

On March 13, 2018, the Court heard brief oral arguments on the motion, and subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to dismiss this matter because it is *de minimis* under 9 G.C.A. § 7.67. Section 7.67, Appropriateness of Prosecution, provides that:

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
>
> (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
>
> (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 G.C.A. § 7.67. Section 7.67 "directs the trial court to dismiss a prosecution if it finds that the defendant's conduct falls within *at least one* of three distinct circumstances." *People v. Perez*, 2004 Guam 4 ¶ 9 (emphasis in original). The "statute recognizes that it would be unrealistic to

Second Degree Felony); Frank Edward Pangelinan with Promotion of Major Prison Contraband (Communication Device) (As a Second Degree Felony); and Paul Lynnwood Johnson with (1) Conspiracy to Promote Major Prison Contraband (As a Second Degree Felony) with an attached Special Allegation: Felony Committed While on Pre-Trial Felony Release. (Indictment, Oct. 30, 2017). Co-defendant Manibusan entered into a Plea Agreement with the Government on January 10, 2018. Co-defendant Corina Tedtaotao entered into a Plea Agreement with the Government on May 29, 2018. On January 31, 2018, the Court granted co-defendant Pangelinan's Motion to Dismiss. On February 19, 2018, the Government filed a Motion for Reconsideration. That Motion is also under advisement.

*People v. Tedtaotao*
Case No. CF0600-17
Decision and Order

believe that judges never enter a finding of not guilty even though guilt is proven where a conviction is considered to be in appropriate, and therefore authorizes the trial court to mitigate the general provisions of the criminal law to prevent absurd applications." *Id.* at ¶ 10 (agreeing with 9 G.C.A. § 7.67 commentary).

Defendant argues that this matter should be dismissed as *de minimis,* similarly to co-defendant Pangelinan, because he is serving a prison term until the age of eighty-nine, is not charged with conspiracy, and there are administrative sanctions that the Department of Corrections can impose on Defendant instead. *See generally,* Mot. Dismiss, Feb. 14, 2018. Defendant argues that "[g]iven the specific circumstances presented to the Court, the prosecution of [Defendant] is of so little value to the [P]eople of Guam as to be de minimis and the Charges against him should be dismissed." *Id.* at 6.

The Government opposes, distinguishing the factual circumstances of the charges against Defendant from co-defendant Pangelinan, and arguing that while Defendant is not charged with conspiracy, it "does not diminish the fact that these cases only exist if there are persons within the prison actively seeking out and inducing the introduction of contraband into the facility." (Opp'n at 2-3, Feb. 22, 2018).

For the purpose of this motion, the Court assumes as true all the factual allegations against Defendant. *Perez,* 2004 Guam 4 ¶ 16.   The Indictment charges Defendant as follows:

**FOURTH CHARGE**

On or about the 27th day of September, 2017, in Guam, RAYMOND TORRES TEDTAOTAO, did commit the offense of *Promotion of Major Prison Contraband (Controlled Substance)*, in that, he possessed within a detention facility any controlled substance as defined by any provision of Guam law; to wit, an amphetamines-based substance, in violation of 9 GCA §§ 58.60(a)(2)(A) and 58.60(c)(3).

**FIFTH CHARGE**

On or about the 27th day of September, 2017, in Guam, RAYMOND TORRES TEDTAOTAO, did commit the offense of *Possession of a Schedule II Controlled Substance*, in that he did unlawfully and knowingly possess a Schedule II controlled substance, that is, an amphetamine-based substance, in violation of 9 GCA §§ 67.401.2(a) and (b)(1).

(Indictment, Oct. 30, 2017). Here, unlike co-defendant Pangelinan who is charged with Promotion of Major Prison Contraband based on possession of a communication device, Defendant Tedtaotao is charged with Promotion of Major Prison Contraband based on possession of a *controlled substance*, in addition to the charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony). *See* Indictment, Oct. 30, 2017. Further, as the Government points out:

> [A]lthough the origin of the drug items found in Raymond's possession in September is unclear, the statements made by others after the discovery of the package at GMH suggested that Raymond was among the intended recipients of the phones contained therein, although that package never actually made it into the Department of Corrections. This further suggests the logical inference that the drug items which were found in Raymond's possession less than a month previous was the fruit of a continuous, on-going conspiracy to smuggle all kinds of contraband into DOC.

(Opp'n at 3, Feb. 22, 2018). The Government also cites to the legislative history of the prison contraband statute, arguing that "there exists a strong policy of deterring possession of drugs in prison by the specific sanction of additional criminal charges and not simply by further administrative sanctions within the prison." *Id.* at 4.

The Court finds that the factual circumstances underlying co-defendant Pangelinan's Motion to Dismiss are distinguishable from that of Defendant here,[2] and that upon review of the facts specific to Defendant in this matter, it is inappropriate to dismiss the charges against Defendant under 9 G.C.A. § 7.67.

//

//

//

---

[2] The Court, in considering the fact that co-defendant Pangelinan was charged with Promotion of Major Prison Contraband based on the possession of a cell phone and not a Schedule II Controlled Substance, as well as discovery submitted for it's in camera review, found that Defendant's violation of DOC's Rules and Regulations could be sufficiently addressed by DOC administration. *See generally,* Dec. & Order, Feb. 12, 2018. In this case, Defendant also acknowledges that co-defendant Pangelinan "made factual arguments specific to his situation, which do not apply to TEDTAOTAO." (Mot. at 5, fn. 1).

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss. Further Proceedings are set for June 28, 2018 at 10:00 a.m.

**IT IS SO ORDERED** this ___5th___ day of June, 2018.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

___AG's, T. Timblin___

Date: 6/6/18  Time: 8:20am

___Antonio R. Cruz___
Deputy Clerk, Superior Court of Guam

*People v. Tedtaotao*
Case No. CF0600-17
Decision and Order